IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS F. WHITE 1991 TRUST,<br><br>Plaintiff,<br><br>v.<br><br>DAVID WILLIAM CONNELL, CPBV, LLC and ATS, LLC,<br><br>Defendants. | No. C 17-03177 WHA<br><br>**ORDER GRANTING MOTION TO REMAND, DENYING AS MOOT MOTION TO DISMISS, AND AWARDING ATTORNEY'S FEES AND COSTS** |

## INTRODUCTION

Defendants removed this dispute over a trust asset from state probate court. Plaintiff moves to remand. For the reasons stated herein, plaintiff's motion is **GRANTED**.

## STATEMENT

Plaintiff Thomas F. White 1991 Trust filed a probate petition in the Superior Court of the County of San Francisco to determine ownership of assets, and for an order authorizing and directing transfer of property to the trust pursuant to California Probate Code Sections 850 and 17200 *et. seq.*

Defendants, Attorney David Connell, CBPV, LLC and ATS, LLC, removed the action under Section 1332(a)(3) of Title 28 of the United States Code based on diversity, and Section 1964 of Title 18 of the United States Code based on alleged RICO violations.

Plaintiff now moves to remand on the grounds that (1) complete diversity is lacking, (2) the probate petition does not state a federal claim, and (3) the action falls within the probate exception. Attorney Connell moves to dismiss. This order follows full briefing and oral argument.

**ANALYSIS**

In determining whether to remand, the district court looks to the pleadings filed in state court. "It is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citations and quotations omitted). "[T]he defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**1.    LACK OF COMPLETE DIVERSITY.**

Section 1332(a)(3) of Title 28 of the United States Code confers diversity jurisdiction when a citizen of one state sues both aliens and citizens of a different state. In his notice of removal, Attorney Connell says that he is a citizen of Mexico, where he resides, and is therefore a diverse party under Section 1332(a)(3). He fails to mention, however, that he is also a citizen of the United States and was born in California, as he later concedes in his opposition (Opp. at 5). Plaintiff argues that Attorney Connell's United States citizenship defeats diversity.

In response to plaintiff's assertion, Attorney Connell first argues that no controlling precedent precludes a dual citizen domiciled abroad from invoking diversity jurisdiction. He next contends that if his presence as a defendant would defeat diversity, he should be dropped from the complaint because he is a dispensable party under FRCP 21. Neither argument is availing.

**A.    Dual Citizenship.**

United States citizens who are not domiciled within a state are considered "stateless" for the purposes of Section 1332(a)(3), and their presence in a suit defeats diversity jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989). While neither the Supreme Court nor our court of appeals have directly addressed whether *dual* citizens domiciled abroad also defeat jurisdiction, "there is an emerging consensus among courts that, for a dual national citizen, only the American citizenship is relevant for purposes of diversity under 28 U.S.C. § 1332." *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). In fact, every federal appellate court to consider the issue is in accord. *Jones v. Dalrymple*, 679 F. App'x 668, 670 (10th Cir. 2017);

2

*Frett-Smith v. Vanterpool*, 511 F.3d 396, 400 (3d Cir. 2008); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991); *Sadat v. Mertes*, 615 F.2d 1176, 118 7 (7th Cir. 1980). *Coury* explains the rationale for this rule. A "dual citizen should not be allowed to invoke alienage jurisdiction because this would give him an advantage not enjoyed by [non-dual] American citizens . . . . [T]he major purpose of alienage jurisdiction is . . . to allow foreign subjects to avoid real or perceived bias in the sate courts — a justification that should not be available to the dual citizen who is an American." *Coury*, 85 F.3d at 250.[1]

*Coury's* reasoning applies equally here, and this order agrees with the federal appellate courts that have considered the issue. A dual citizen of the United States and a foreign state who is domiciled abroad cannot invoke diversity jurisdiction under Section 1332(a)(3). Thus, Attorney Connell's American citizenship defeats diversity.

### B. FRCP 21.

Pursuant to FRCP 21 district courts are permitted to drop dispensable nondiverse parties from a suit. *Newman-Green*, 490 U.S. at 826. Whether a party is dispensable turns on whether complete relief can be accorded in that party's absence. *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002).

Attorney Connell argues that he should be dropped from this action because he acts solely as a legal representative of the two LLCs named as co-defendants, not as an actor himself. He cites *Newman-Green* as authority for this proposition. There, however, *the plaintiff* moved to amend his complaint to drop a non-diverse, dispensable party. Here, Attorney Connell, as *a defendant*, seeks to unilaterally alter the complaint to drop himself from the suit, a maneuver unsupported by any relevant precedent. This runs afoul of the widely accepted principle that, as master of his own complaint, the plaintiff is afforded deference in

---

[1] Our court of appeals has not considered whether a dual American citizen is considered a citizen of the United States such that he cannot claim diversity as an alien under Section 1332(a)(3). In the related context of whether diversity is defeated when a dual American citizen sues a foreign defendant of the nation in which she holds dual citizenship, however, our court of appeals has held that "only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)." *Sanchez v. Aerovias De Mexico, S.A. De C.V.*, 590 F.3d 1027, 1028 (9th Cir. 2010).

who he chooses to sue. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005); *Walker Distrib. Co. v. Lucky Lager Brewing Co.*, 323 F.2d 1, 8 (9th Cir. 1963).

Moreover, in *Newman-Green* the dropped defendant was jointly and severally liable for damages along with four other co-defendants, and the Supreme Court found that the plaintiff could therefore be accorded a complete recovery in the dropped defendant's absence. 490 U.S. at 829. Not so here. Attorney Connell is indispensable to this suit because plaintiff seeks "possession and control of . . . any [] entity owned or controlled by Attorney Connell . . . purporting to hold an interest in Casa Blanca or any asset of Tom White's" (Probate Pet., Prayer for Relief ¶ 3). In other words, the action seeks assets directly under attorney Connell's control, irrespective of any co-defendant's role. Additionally, the probate petition's allegations are primarily directed against Attorney Connell in his personal capacity, not as a representative of an LLC (Probate Pet. ¶¶ 29–31, 36–38). This is not like *Newman-Green* where another defendant can supply complete recovery. Attorney Connell is the critical defendant in this suit and in his absence plaintiff cannot be made whole. *See Dawavendewa*, 276 F.3d at 1155.

### 2. NO FEDERAL QUESTION JURISDICTION.

District courts have jurisdiction over civil cases arising under the Constitution, laws and treaties of the United States — so-called federal-question jurisdiction. 28 U.S.C. 1331. Federal-question jurisdiction is determined by looking to the face of the complaint. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). A claim is deemed to arise under federal law if it states a federal claim, or if federal issues are "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (20005). None of these criteria are met here.

Attorney Connell argues that this action is removable because the probate petition plaintiff filed in state court is "inextricably intertwined" with the related RICO complaint that he subsequently filed (Opp. at 18). He cites one decision, *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers Incid.*, 159 F.3d 1209, 1213 (9th Cir. 1998), in support of this argument, but *Sparta* is inapposite.

4

In *Sparta*, our court of appeals was analyzing only claims arising in that suit, not claims pled in a separate, later-filed action. Defendants offer no support for the notion that a separate lawsuit could confer federal question jurisdiction. Indeed, no legal support exists for this proposition. It is well-settled that removal can only be based upon claims made by the plaintiff in his complaint. *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Here, the complaint pleads only state law, probate claims. No party argues otherwise. Nor does the complaint raise any federal issues. The fact that Attorney Connell raises federal issues in a separate action does not change the analysis. There are no federal claims, or federal issues necessarily raised in this action, and therefore no federal-question jurisdiction.[2]

Since Attorney Connell lacks traditional grounds for removal, this order does not reach the question of whether the probate exception also applies to bar him from removing this suit. Furthermore, since this order remands the action, it does not reach Attorney Connell's motion to dismiss.

### 3. AWARD OF ATTORNEY'S FEES AND COSTS.

Pursuant to Section 1447 of Title 28 of the United States Code, courts "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Here, such an award is warranted.

Defendants removed this case from state probate court with no objectively reasonable basis for doing so. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). They presented no relevant case law supporting removal, and indeed no authority supports removal under these circumstances. Moreover, in what appears to have been an attempt to deceive plaintiff and the Court, defendants failed to disclose the critical fact that Attorney Connell is a United States citizen, instead deciding only to disclose his Mexican citizenship in their notice of

---

[2] Attorney Connell also argues at length that he is not subject to personal jurisdiction in this district (Opp. at 12–16). Where reaching subject-matter jurisdiction first is the most efficient course, however, "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of [subject-matter jurisdiction] first." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1999). Such is the case here.

5

removal (Notice of Removal at ¶ 4). As it turns out, his American citizenship was dispositive of this motion.

Defendants and their attorney, William Allan Cohen, removed this action unreasonably and in bad faith, and plaintiff is entitled to reasonable attorney's fees and costs incurred as a result. The procedure used to determine the amount of the award is set forth in detail in the companion order regarding attorney's fees and costs.

## CONCLUSION

Plaintiff's motion to remand and motion for fees and costs is **GRANTED**. Defendants' motion to dismiss is **DENIED AS MOOT**. The Clerk Shall **REMAND** this action to the Superior Court for the County of San Francisco and **CLOSE THE FILE**. The Court retains jurisdiction to complete the process of awarding fees and expenses to the parties seeking remand.

**IT IS SO ORDERED.**

Dated: August 16, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE